IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAMIAN SCHWARTZMAN, : | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| v. : | |
| : | |
| ROGUE INTERNATIONAL TALENT : | |
| GROUP, INC., et al., : | No. 12-5255 |
| Defendants. : | |

MEMORANDUM

Schiller, J.                                                                                                              July 3, 2013

Kamian Schwartzman, acting as Receiver, brings claims for fraudulent transfer and unjust enrichment against Dustin Diamond and High Idea Corp., LLC ("High Idea"). Before the Court is the Receiver's motion for default judgment. For the following reasons, the Court grants the motion.

I.   BACKGROUND

By Order dated September 13, 2010, this Court established a receivership estate to recover funds stolen in a Ponzi scheme perpetrated by Robert Stinson. (Order Establishing Receivership Estate, *SEC v. Stinson*, Civ. A. No. 10-3130, Document No. 29.) On September 12, 2012, the Receiver commenced this action to recover funds allegedly transferred from Stinson entities involved in the Ponzi scheme ("Stinson entities") to Roger Paul and his alter ego, Rogue International Talent Group, Inc. ("Rogue"). (*See* Compl. ¶¶ 12, 15.) Rogue operates as a talent and entertainment agency primarily representing actors and comedians. (*Id.* ¶ 15.) The funds transferred by the Stinson entities to Paul and Rogue were in excess of $136,057.16 and were transferred between November 2009 and July 2010. (*See id.*)

The Complaint also alleges that Diamond, on behalf of himself and High Idea, signed a

promissory note with a Stinson entity on March 8, 2010. (*See id.* ¶ 29; *id.* Ex. B [Promissory Note].) On March 18, 2010, a Stinson entity transferred $40,000 to Paul by means of a check with the subject line "for Dustin Diamond," and Paul, who was Diamond's agent, transferred that money to Diamond and High Idea. (*Id.* ¶¶ 18, 54, 59; *id.* Ex. A [Check from Paul to Diamond].) Diamond and High Idea provided no value to the Stinson entities for the loan, nor have they repaid any of the loan. (*Id.* ¶ 29.)

The summons and a copy of the Complaint were properly served on Diamond and High Idea on September 25, 2012. (Aff. of Service on Diamond, ECF Document No. 3; Aff. of Service on High Idea, ECF Document No. 5.) Diamond and High Idea never filed answers. On January 11, 2013, the Clerk of Court entered a default against Diamond and High Idea. On May 15, 2013, the Receiver filed a motion for default judgment against Diamond and High Idea. To date, the Court has not received any response to the motion from Diamond or High Idea.

**II. DISCUSSION**

The Court of Appeals for the Third Circuit has set out three factors that a court must consider when determining whether to grant default judgment: (1) prejudice to the plaintiff if default judgment is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether the defendant's delay is due to culpable conduct. *Mendez v. N.J. State Lottery Com'n*, App. A. No. 13-1059, 2013 WL 2631577, at *2 (3d Cir. June 13, 2013). In addition, the unchallenged facts set forth in a complaint must establish a legitimate cause of action before default judgment can be entered, since a party in default does not admit mere conclusions of law. *See Carroll v. Stettler*, Civ. A. No. 10-2262, 2012 WL 3279213, at *2 (E.D. Pa. Aug. 10, 2012); *Bricklayers & Allied*

*Craftworkers Local 1 v. WaterControl Servs., Inc.*, Civ. A. No. 09-3935, 2012 WL 3104437, at *3 (E.D. Pa. July 30, 2012).

### A. The Complaint Establishes a Legitimate Cause of Action

The Receiver brings claims against Diamond and High Idea for fraudulent transfer pursuant to the Pennsylvania Uniform Fraudulent Transfers Act ("PUFTA") and unjust enrichment. PUFTA defines a "transfer" as "[e]very mode . . . of disposing of or parting with an asset or an interest in an asset. The term includes payment of money, release, lease and creation of a lien or other encumbrance." 12 Pa. Cons. Stat. § 5101(b). A transfer is "fraudulent" as to present or future creditors if the debtor made the transfer "with actual intent to hinder, delay or defraud any creditor of the debtor" *Id.* § 5104(a). However, a transfer is not fraudulent "against a person who took in good faith and for a reasonably equivalent value." *Id.* § 5108(a). "[T]he mere existence of a Ponzi scheme is sufficient to establish actual intent to defraud . . . ." *Hecht v. Malvern Preparatory Sch.*, 716 F. Supp. 2d 395, 400 (E.D. Pa. 2010); *see also SEC v. Forte*, Civ. A. Nos. 09-63, 09-64, 2010 WL 939042, at *5 (E.D. Pa. Mar. 17, 2010). Once a creditor has established fraudulent intent, it may avoid the transfer, attach the transferred asset or other property of the transferee, obtain an injunction against future transfers, or obtain "any other relief the circumstances may require." 12 Pa. Cons. Stat. § 5107(a). "[J]udgment may be entered against the first transferee of the asset . . . or any subsequent transferee . . . ." *Id.* § 5108(b).

The Court finds that the Receiver established a legitimate cause of action under PUFTA. The Complaint alleges that Stinson entities, as part of the Ponzi scheme, transferred at least $136,057.16 to Paul and Rogue between November 2009 and July 2010 without receiving anything of value from Paul or Rogue. (Compl. ¶¶ 6-11.) Diamond and High Idea signed a promissory note with a Stinson

entity in March 2010, and Paul subsequently transferred $40,000 he received from the Stinson entities to Diamond and High Idea pursuant to the promissory note. (*See id.* ¶ 10; Check From Paul to Diamond; Promissory Note.) Diamond and High Idea provided no value to the Stinson entities for the loan, nor have they repaid any of the loan. (*Id.* ¶ 29.) In sum, as part of a Ponzi scheme, the Stinson entities fraudulently transferred money to Paul, who then fraudulently transferred that money to Diamond and High Idea, without Defendants providing anything in return. These allegations are enough to set forth a legitimate claim under PUFTA. *See Carroll*, 2013 WL 1702636, at *4; *Hecht*, 716 F. Supp. 2d at 397. Because the Receiver has set forth a legitimate claim under which he is entitled to the full relief he is seeking, the Court need not examine the legitimacy of the Receiver's unjust enrichment claims.

### B. Default Judgment Is Proper

Since the Court finds that the Complaint states a claim against Diamond and High Idea, it must now assess the aforementioned three factors to determine whether default judgment is proper. *See Mendez*, 2013 WL 2631577, at *2. As to the first factor, Plaintiff will be prejudiced if default judgment is denied. Diamond and High Idea have delayed the proceedings more than nine months by neglecting to answer the Complaint. This delay has impaired the Receiver's ability to effectively pursue his claims on behalf of the Receivership, especially since the delay could stretch on indefinitely. *See Grove v. Rizzi 1857 S.P.A.*, Civ. A. No. 04-2053, 2013 WL 943283, at *2 (E.D. Pa. Mar. 12, 2013) ("[C]onsiderable delays—including ones that 'can stretch on indefinitely'—do impair a plaintiff's ability to effectively pursue her claim."); *Carroll*, 2012 WL 3279213, at *3. Because the Court has no reason to believe Diamond or High Idea will ever respond, and the Receiver has no way of recovering from these parties unless default judgment is entered, this factor weighs heavily in

4

favor of granting default judgment. *See Moody Nat'l FFI Meadowlands MT, LLC v. Gager*, Civ. A. No. 12-2124, 2013 WL 622128, at *11 (D.N.J. Jan. 24, 2013) ("[T]he Court finds that plaintiff will suffer prejudice in the absence of a default judgment because defendants have failed to appear in the case, leaving plaintiff no other recourse than filing for a default judgment.")

The second factor that the Court must consider is whether a defendant has any meritorious defenses. *See Mendez*, 2013 WL 2631577, at *2. "A defense is deemed meritorious when, if established at trial, [it] would completely bar plaintiffs' recovery." *Grove*, 2013 WL 943283, at *2. "Courts often weigh this factor in favor of granting default judgment where a party has failed to answer claims against it." *Id.* Because Diamond and High Idea failed to file answers to the Complaint or responses to the motion for default judgment, they have asserted no meritorious defenses. *See Gager*, 2013 WL 622128, at *11 (finding factor in favor of default when defendant failed to answer); *E. Elec. Corp. of N.J. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 553 (E.D. Pa. 2009). Therefore, this factor weighs in favor of default judgment.

The third factor requires the Court to consider the culpability of the relevant defendants' conduct. *See Mendez*, 2013 WL 2631577, at *2. Diamond and High Idea have failed to respond to the Complaint for over nine months. They have failed to respond when the Clerk of Court entered default against them. In addition, they have failed to respond to the motion for default judgment. Without an explanation from Diamond and High Idea for this flagrant oversight, the Court presumes that they are culpable. *See Fed. Ins. Co. v. Secure Cargo Corp.*, Civ. A. No. 12-851, 2013 WL 1222653, at *3 (D.N.J. Mar. 25, 2013) ("Defendants' failure to respond permits the Court to draw an inference of culpability on their part."); *Joe Hand Promotions, Inc. v. Waldron*, Civ. A. No. 11-849, 2013 WL 1007398, at *4 (D.N.J. Mar. 13, 2013).

5

Based on its evaluation of these three factors, the Court will exercise its discretion to enter default judgment. The Court finds that default judgment is necessary to prevent Diamond and High Idea from possibly profiting from the Stinson scheme to the detriment of the Ponzi scheme's victims.

**C.     Damages**

"Where a court enters a default judgment, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005). Therefore, the Court must separately analyze Plaintiff's damages.

Under PUFTA, "to the extent a transfer is voidable . . . , the creditor may recover judgment for the value of the asset transferred," which is the "value of the asset at the time of the transfer, subject to adjustment as the equities may require." 12 Pa. Cons. Stat. § 5108(b)-(c). The Court finds that the Receiver is entitled to a default judgment of $40,000. Diamond and High Idea signed a promissory note with the Stinson entities on March 8, 2010, then Paul received a corresponding check "for Dustin Diamond" on March 18, 2010 for $40,000. (Promissory Note; Check From Paul to Diamond.) Paul subsequently transferred that $40,000 to Diamond and High Idea pursuant to the promissory agreement. (*See id.* ¶¶ 10, 54.) Neither Diamond nor High Idea paid any of the loan back. (*See* Compl. ¶ 10.) Therefore, the Court will enter a default judgment against Diamond and High Idea for the amount of the original transfer, $40,000.

**III.    CONCLUSION**

For the reasons stated, the Court enters judgment in favor of the Receiver and against Diamond and High Idea for $40,000. An Order consistent with this Memorandum will be docketed separately.